IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ANDREW HALL,

    Plaintiff,                    No. CIV-S-02-0456 MCE KJM P

  vs.

C. PLILER, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

                            /

         On December 13, 2004, plaintiff filed a document entitled "Legal TRO/Preliminary Injunction; Notice of Constructive Intent; Affidavit." Plaintiff explains his intent to seek a temporary restraining order against D.L. Runnels, the Warden of High Desert State Prison, top-ranking subordinates, and "all personnel" under his administration; plaintiff also seeks transfer to a different facility. Although the basis of the motion is not entirely clear, plaintiff appears to be alleging that maintenance personnel have threatened to have him killed, certain named officers have used racial epithets when addressing him, and various guards have beaten and assaulted him in retaliation for his litigation.

         The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the

1

1 hearing on a preliminary injunction. It is apparent, however, that requests for temporary
2 restraining orders that are <u>ex parte</u> and without notice are governed by the same general standards
3 that govern the issuance of a preliminary injunction. <u>See</u> <u>New Motor Vehicle Bd. v. Orrin W.</u>
4 <u>Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch. Dist. v.</u>
5 <u>United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century</u>
6 <u>Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the
7 emphasis of the court is directed to irreparable harm and the balance of hardships because the
8 merits of a controversy are often difficult to ascertain and adjudicate on short notice.

9       Plaintiff's allegations of threats and verbal harassment do not constitute the sort of
10 irreparable injury necessary for the issuance of a temporary restraining order. <u>See</u> <u>Gaut v. Sunn</u>,
11 810 F.2d 923, 925 (9th Cir. 1987) ("it trivializes the eighth amendment to believe a threat
12 constitutes a constitutional wrong"); <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir.
13 1987) (verbal harassment or abuse by itself is not a constitutional deprivation). Moreover,
14 plaintiff's claims of assault in the past do not translate into the type of presently existing actual
15 threat so as to justify a restraining order. <u>See</u> <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>,
16 395 U.S. 100, 130-31 (1969). Plaintiff has not made a showing sufficient for injunctive relief.

17       IT IS HEREBY RECOMMENDED that plaintiff's December 13, 2004 motion for
18 injunctive relief be denied.
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, plaintiff may file written
4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7   F.2d 1153 (9th Cir. 1991).
8   DATED:   April 26, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
hall0456.tro