IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ANDREW HALL,

    Plaintiff,                        No. CIV S-02-0456 MCE KJM P

    vs.

C. PLILER, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Although the action is proceeding on plaintiff's fourth amended complaint, filed December 23, 2002, the initial complaint was filed on March 1, 2002. Defendants Gaerlan, Van Cor, Chastain, Martell, Mandeville, Mini, Matthews, Andrade and Leiber have filed a motion for summary judgment on grounds that it can be determined, as a matter of law, that plaintiff failed to exhaust administrative remedies and that, as to certain claims, there are no disputes remaining for a trier of fact to resolve.

        On August 24, 2004, this court ruled on a motion to dismiss filed by these defendants, who argued that the complaint failed to state a claim upon which relief could be granted, and by other defendants, who alleged that plaintiff had not exhausted his administrative remedies with respect to the allegations against them. Findings and recommendations

1

recommending denial of the presently moving defendants' motions based on failure to state a claim were adopted by the district court on September 13, 2004.

I. <u>The Allegations Of The Complaint</u>

On May 31, 2001, defendant Andrade allegedly handcuffed plaintiff so tightly he lay on the floor in the holding cell crying out in pain for four hours. Fourth Amended Complaint (Compl.) at 5.

On June 18, 2001, defendant Matthews ordered plaintiff to move into an area "where the violent incidence [sic] with staff happen." When he refused, inmates and staff came to this cell to threaten him. Attachment to Fourth Amended Complaint (Attach.) at 2. Around this time, plaintiff began to request interviews with defendant Mandeville, who "did not allow [plaintiff] to go on tape. . . ." <u>Id</u>. at 2-3. In addition, defendant Martel upheld "a fraudulent, bias, prejudice" ad-seg placement. <u>Id</u>. at 3.

On November 8, 2001, defendants Mini and Chastain signed false documents that led to plaintiff's placement in B Facility, where his life was in danger. Defendants Leiber and Mandeville did not document the threats. <u>Id</u>. at 6.

In December 2001, defendants Van Cor and Gaerlan deprived plaintiff of his rights by upholding false mental health findings. <u>Id</u>. at 7.

In January 2002, defendants Chastain, Martel and Mini ordered plaintiff housed in C-Facility "for the sole purpose to bring about my murder or assault in retaliation for all my writing and complaints on staff misconduct. . . ." <u>Id</u>.

In February 2002, defendant Van Cor denied another appeal plaintiff "had on all mental health staff." <u>Id</u>.

As it did in the motion to dismiss, this court construes plaintiff's complaint to allege that these actions flow from the defendants' desire to retaliate against him for filing grievances. <u>Id</u>. passim.

/////

II. <u>The Motion For Summary Judgment</u>

Defendants Mini, Chastain, Mandeville and Martel allege that plaintiff did not complete the exhaustion of his administrative remedies, while defendants Gaerlan, Van Cor and Andrade argue that plaintiff did not file any staff complaints against them. All defendants also argue that the actions about which plaintiff complain were based on legitimate penological purposes.[1]

A. <u>The Exhaustion Requirement</u>

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion has been defined broadly as "'the effects of actions by government officials on the lives of persons confined in prisons.'" 18 U.S.C. § 3626(g)(2); <u>Smith v. Zachary</u>, 255 F.3d 446, 449 (7th Cir. 2001), <u>cert. denied</u>, 535 U.S. 906 (2002); <u>see also</u> <u>Lawrence v. Goord</u>, 304 F.3d 198, 200 (2d Cir. 2002). The exhaustion requirement is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir.), <u>cert. denied sub nom</u>, <u>Alameida v. Wyatt</u>, 540 U.S 810 (2003). Accordingly, the court will consider this portion of the summary judgment motion under the standards outlined in <u>Wyatt</u>. In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id</u>. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. <u>Id</u>. at 1119.

---

[1] The defendants did not raise this claim in their earlier motion to dismiss based, in part, on a failure to exhaust administrative remedies. Plaintiff's suggestion that the earlier motion and its resolution in his favor should preclude this argument has some force. <u>See</u> Fed. R. Civ. P. 12(g). Defendants have pleaded this affirmative defense in their Answer, however, so the question has not been waived and may be raised in this motion. <u>See</u> <u>Johnson v. Johnson</u>, 385 F.3d 503, 516 n.7 (5th Cir. 2004); <u>see also</u> Fed. R. Civ. P. 8(c).

An inmate must complete the process of exhaustion before filing his civil rights complaint: an action must be dismissed for failure to exhaust even if exhaustion is completed during the pendency of the litigation. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. 15 Cal. Code Regs. § 3084.5.

### 1. Defendants Chastain, Martell, Mandeville And Mini

On February 5, 2002, plaintiff prepared a grievance, alleging that defendants Chastain, Martell, Mandeville and Mini, among others, had entered into a conspiracy to murder plaintiff or to have him murdered and to cover up the murder by relying on false and fraudulent document. Exhibits to Def'ts' Statement Of Undisputed Facts (SUF) at 51 (grievance form). He did not receive a director's level decision until April 17, 2002, after he filed the initial complaint in this action. SUF at 58. Plaintiff has not shown, or even argued, that the grievance process was unavailable to him at any time prior to or after his filing of the grievance. While plaintiff does appear to argue generally that a grievance process operated by defendants is inherently unfair, he provides no details indicating the handling of his grievance was flawed. Accordingly, defendants Chastain, Martell, Mandeville and Mini have borne their burden of showing plaintiff failed to exhaust his administrative remedies before filing the action.

### 2. Defendants Van Cor, Gaerlan And Andrade

Defendants Van Cor, Gaerlan and Andrade have submitted the declaration of L. Dovey, the appeals coordinator for California State Prison-Sacramento, in support of their motion. Dovey avers that he conducted a search of the database and records of all appeals to

/////
/////
/////
/////

determine if plaintiff filed an inmate appeal alleging misconduct on the part of Van Cor, Gaerlan and Andrade.  Declaration of L. Dovey (Dovey Decl.) ¶ 5.  Dovey concludes that

> no such appeals have been filed by inmate GREGORY HALL (P-50435).  During his confinement at CSP-Sac, HALL filed several appeals concerning staff misconduct, but none of those appeals stated claims against Andrade, Van Cor or Gaerlan.

Id. ¶ 6.  Plaintiff also has not responded directly to this assertion in his opposition.  These defendants too have borne their burden of demonstrating that plaintiff has failed to exhaust his administrative remedies regarding his claims against them.

### B. Standards For Summary Judgment Motions

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

/////

/////

immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,

477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On October 30, 2003, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

### C. Retaliation

Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation.

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). An allegation of harm, rather than of chill, may be sufficient on which to base a claim of retaliation. Cf. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989).

/////

Defendants have submitted authenticated documents from plaintiff's central file in support of their motion for summary judgment. The movement history for plaintiff shows that he was moved from California State Prison Los Angeles on May 31, 2001 to C-Facility at California State Prison-Sacramento and that on June 20, 2001, he was moved to administrative segregation. SUF 5. Other documents show that plaintiff was moved to administrative segregation at his request after he reported he was in danger in C-Facility. SUF at 8. Defendant Leiber then investigated his safety concerns, but was unable to identify "Kenny," the inmate who plaintiff claims threatened him on C-Facility. SUF at 9-11. These documents suggest that in June 2001, plaintiff was moved after he expressed concerns about his safety, a move that reasonably advanced a legitimate correctional goal of protecting plaintiff. Moreover, they indicate defendant Leiber in fact documented plaintiff's accounts of threats, but was unable to verify the identity of "Kenny," who plaintiff claimed threatened him. Defendants have borne their burden of identifying those materials that, they assert, demonstrate the absence of a disputed issue of material fact. Plaintiff has not offered any evidence contradicting or undercutting defendants' showing. Defendants thus are entitled to summary judgment.

IT IS HEREBY RECOMMENDED that:

1. The motion for summary judgment brought by defendants Gaerlan, Van Cor, Chastain, Martell, Mandeville, Mini and Andrade be deemed a motion to dismiss under Fed.R.Civ.P. 12 (b) and be granted; and

2. The motion for summary judgment brought by defendants Mathews and Leiber be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and

1 filed within five days after service of the objections.  The parties are advised that failure to file
2 objections within the specified time may waive the right to appeal the District Court's order.
3 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: March 1, 2006.

                                                UNITED STATES MAGISTRATE JUDGE

12 2/hall0456.57a